UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DARREL ANN STEWART | CIVIL ACTION |
| VERSUS | NO. 19-11238 |
| LOUISIANA-I GAMING, ET AL | SECTION: D(5) |

**MEMORANDUM IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT PURSUANT TO FRCP RULE 56**

MAY IT PLEASE THE COURT:

Louisiana-I Gaming, a Louisiana Partnership in Commendam, the defendant herein, respectfully submits the following memorandum in support of its Motion for Summary Judgment. Mover respectfully shows that there are no issues of material fact and that it is entitled to a judgment as a matter of law.

**FACTUAL BACKGROUND**

On May 4, 2018 the plaintiff, Darrell Ann Stewart, was a guest at Boomtown Casino New Orleans. Close to 11:00 AM, the plaintiff and her husband entered the casino premises, walking down the Promenade leading to the casino boat. As she was walking down the Promenade, the plaintiff's right foot came down and made contact with the ground before she completed a full stride. Her toe went into the ground, causing her to trip over her right foot and fall face first onto the ground.

On November 20, 2019 the plaintiff was deposed in this matter. During her deposition, the plaintiff candidly admitted that she did not know why she fell. She could not identify any substance on the floor or any obstacle on the floor which caused her to fall, nor could she identify any

1

condition of the floor which caused her to fall. Her only speculation was that the floor appeared to have been recently mopped and/or polished.

Boomtown Casino New Orleans is operated by Louisiana-I Gaming, a Louisiana Partnership in Commendam. Louisiana-I Gaming, a Louisiana Partnership in Commendam holds the casino license, and is responsible for the maintenance and upkeep of the premises. In an effort to provide security and safety to the casino and its guests, there is a complex network of security surveillance cameras throughout the casino. This security surveillance system was able to capture the fall. Pursuant to written procedures, video of the fall beginning thirty minutes prior and continuing thirty minutes subsequent to the fall was maintained. The security surveillance video clearly shows how the fall occurred. The security surveillance video clearly indicates that the floor was free of any obstructions or obstacles. It further establishes that many people traversed the area where the plaintiff fell both prior to and subsequent to her fall without any difficulty.

Jeannine Richert is the risk manager at Boomtown Casino New Orleans. By coincidence, as the plaintiff was approaching the area where she fell, Ms. Richert was also approaching the area, having just left a secured area for employees. In fact, while the plaintiff was falling, Ms. Richert was walking in the opposite direction almost parallel with the plaintiff. Ms. Richert immediately responded to the plaintiff. In doing so, Ms. Richert made note that there were no obstacles, obstructions or substances on the floor which caused the plaintiff to fall.

Under Louisiana law, a merchant is required to keep his aisleways and passageways free and clear of any obstruction which may present an unreasonable risk of harm. In order to prove the case against a merchant, a plaintiff must establish, among other elements, that she was presented with an unreasonable risk of harm. In the case at bar, the plaintiff has no evidence that she was presented with an unreasonable risk of harm. The plaintiff herself does not know why she

fell and cannot identify any obstacle present on the floor or any condition of the floor which caused her to fall. Moreover, the security surveillance video and the affidavit of Ms. Richert, both of which are uncontradicted, conclusively establishes that it was the plaintiff's misstep which caused her to fall and no condition or obstacle on the floor.

Given these facts, the plaintiff will not be able to meet her burden of proof under the Louisiana Merchant Liability Statute. As such, Louisiana-I Gaming is entitled to a judgment as a matter of law as explained in detail below.

## LAW AND ARGUMENT

### I. MOTION FOR SUMMARY JUDGMENT STANDARD

Pursuant to Rule 56 (c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civil P. 56 (c). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); see also *Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(c), the non-moving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on

file,' designate 'specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; see also *Auguster v. Vermillion Parish School Bd.*, 249 F.3d 400, 402 (5th Cir. 2001).

The non-movant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," by "conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F. 3d 434, 440 (5th Cir. 2002).

## III. THERE IS NO LIABILITY UNDER 9:2800.6

The Louisiana Merchant Liability Statute provides a negligence cause of action to people who suffer an injury in a business because of an unsafe condition at the business. Subsection B of the statute sets forth the elements a plaintiff must prove, in addition to the standard elements of negligence, to succeed on her claim. The statute provides:

> In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

4

A failure to make a clear showing of any one element under the statute is fatal to a plaintiff's claim.

In the case at bar, the evidence presented with this motion clearly establishes that the plaintiff tripped because she did not complete her stride. Her foot, and in particular her toe struck the ground before she could get her foot flexed to make the next step. In essence, the plaintiff stubbed her toe into the ground, and that is what caused her to fall.

Under the law, the plaintiff must prove is a primary element of her claim that she was presented with an unreasonable risk of harm. The courts have defined an unreasonable risk of harm. In *Clark v. Circle K Stores, Inc.,* 264 So.3d 1250 (La. App. 3rd Cir. 2019), the court, in citing *Reed v. Walmart Stores, Inc.,* 708 So.2d 362 (La. 1998), stated:

> In the case before us, Clark must show that she could prove the elements of La.R.S. 9:2800.6 at trial. The first element is that "[t]he condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable." "In determining whether a defect presents an unreasonable risk of harm, the trier of fact must balance the gravity and risk of harm against the individual and societal rights and obligations, the social utility, and the cost and feasibility of repair."

Clearly, there was no obstacle or condition that the plaintiff was presented with. Her only possible argument is that for some reason the floor was unreasonably dangerous. However, there is no risk of harm associated with the floor in the condition in which it was at the time of the fall. Indeed, prior to and subsequent to the fall, people are seen traversing the floor with no problem. The floors are in perfect condition. There are no blemishes nor defects in the floor. The floor did not present an unreasonable risk of harm.

The fall occurred simply because the plaintiff was unable to complete her stride and stubbed her toe into the ground. This fact does not create liability against Louisiana-I Gaming, a Louisiana Partnership in Commendam, the operator of Boomtown Casino New Orleans, or any

other entity alleged to have some ownership or custody over the property. The incident was caused by the plaintiff's fault and neglect. There is no issue of material fact as to this, and therefore, the defendants are entitled to a judgment as a matter of law.

## CONCLUSION

This matter presents a clear factual scenario to the court. Not only can the plaintiff point two no evidence which would satisfy her evidentiary burden pursuant to LSA-R.S.9:2800.6, the evidence clearly shows that the elements of LSA-R.S 9:2800.6 are not present, and the plaintiff will be unable to carry her burden of proof at trial.

Given the above and foregoing, Louisiana-I Gaming, a Louisiana Partnership in Commendam, is entitled to a judgment as a matter of law.

Respectfully Submitted:

**PUJOL, PRYOR & IRWIN, LLC**

*/s/Matthew W. Pryor*
Matthew W. Pryor (#23903)(TA)
Shelby L. Dunbar (#38201)
Ashley L. Dealune (#38719)
12320 Highway 44, Building 4, Suite C
Gonzales, Louisiana 70737
Telephone: (225) 644-0607
Facsimile: (225) 644-1688
Email: *mpryor@ppiattorneys.com*
　　　　*sdunbar@ppiattorneys.com*
　　　　*adealune@ppiattorneys.com*

Attorneys for Louisiana- 1 Gaming, a
Louisiana Partnership in Commendam.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been filed with the Court's CM/ECF system and service was made therewith this 20th day of February 2019.

*/s/Matthew W. Pryor*