UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DARREL ANN STEWART** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-11238** |
| **LOUISIANA-1 GAMING, ET AL** | **SECTION D (5)** |

## ORDER

Before the Court is defendant Louisiana-1 Gaming's Motion for Summary Judgment.[1] Plaintiff opposes the Motion.[2] After careful consideration of the parties' memoranda and the applicable law, the Motion for Summary Judgment is **GRANTED**.

### I. FACTUAL BACKGROUND

This dispute arises from a slip and fall accident that occurred at the Boomtown Belle Casino New Orleans located in Harvey, Louisiana. On May 4, 2018, Plaintiff Darrel Ann Stewart was a patron of the Boomtown Belle Casino New Orleans "when she suddenly and without warning slipped and fell in what we have reason to believe was a slippery substance on the floor."[3] Plaintiff asserts that there was not a wet

---

[1] R. Doc. 20.
[2] R. Doc. 26.
[3] R. Doc. 2-2 at ¶ 3. The Factual background is taken from Plaintiff's state court Petition for Damages. While Plaintiff's Petition states that the incident occurred on May 4, 2019, the Petition was filed on May 3, 2019. R. Doc. 2-2. Additionally, the summary judgment briefs of both parties reference the incident as having occurred May 4, 2018. *See,* R. Docs. 20 & 26. Thus, the May 4, 2019 date in the Petition is likely a typographical error and the Court will proceed as though the incident occurred on May 4, 2018.

floor or caution sign present at the time of her fall.[4] Plaintiff claims that she suffered severe and disabling injuries through the negligence and fault of the defendants, Louisiana-I Gaming, a Louisiana Partnership in Commendam d/b/a Boomtown Belle Casino New Orleans, Pinnacle Entertainment, Inc. d/b/a Boomtown Belle Casino New Orleans, Gaming and Leisure Properties d/b/a Boomtown Belle Casino New Orleans and Penn National Gaming Inc. d/b/a Boomtown Belle Casino New Orleans (collectively, "Defendants").[5] Plaintiff alleges that Defendants failed to keep the premises in a safe condition, failed to remedy an unsafe condition, failed to instruct their employees as to the proper maintenance of the facility and failed to warn patrons of an unsafe condition.[6] Plaintiff further assert that Defendants knew or should have known of the hazardous condition.[7] Plaintiff filed suit in the 24th Judicial District Court on May 3, 2019.[8] On June 17, 2019, Defendants timely filed a Notice of Removal with this Court, alleging jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship.[9]

On February 24, 2020, Louisiana-I Gaming, a Louisiana Partnership in Commendam (hereafter, "Defendant"), filed the instant Motion for Summary Judgment.[10] Defendant asserts that Plaintiff testified at a deposition on November 30, 2019 that, "I fell. I do not know what happened. Just walking and fell."[11]

---

[4] R. Doc. 2-2 at ¶ 3.
[5] *Id.* at ¶¶ 1, 3 & 5.
[6] *Id.* at ¶¶ 3 & 4.
[7] *Id.* at ¶ 4.
[8] R. Doc. 2-2.
[9] R. Doc. 2 at ¶ 13.
[10] R. Doc. 20.
[11] *Id.* at ¶ 2 (*citing* R. Doc. 20-3 at pp. 37-38).

Defendant further asserts that Plaintiff could not identify any substance on the floor which caused her to fall or trip.[12] Defendant also provided security surveillance video from the incident, which it claims "clearly demonstrates that there was no hazard or other risk of harm presented to plaintiff," and that Plaintiff tripped "over her own two feet."[13]

Defendant also provided an Affidavit from Jeannine Richert, the risk manager at Boomtown Belle Casino New Orleans, who happened to be walking near Plaintiff at the time of the incident.[14] Ms. Richert states that she saw Plaintiff fall and immediately went to her assistance.[15] Ms. Richert states that, while attending to Plaintiff, she "performed a visual inspection of the floor" and concluded that there was nothing on the floor that presented a hazard, or which could be dangerous to any guest.[16] Ms. Richert further stated that there was no defect in the floor and that the floor was clean and dry.[17] Defendant argues that it is entitled to summary judgment because the evidence is clear that Plaintiff will not be able to carry her burden of proving liability under Louisiana Revised Statute 9:2800.6, the Louisiana merchant liability statute.[18] Defendant asserts that liability under La. R.S. 9:2800.6 requires proof that: (1) the condition of the floor presented an unreasonable risk of harm; (2)

---

[12] *Id.*
[13] *Id.* at ¶ 4 (*citing* R. Doc. 20-4).
[14] R. Doc. 20-5.
[15] *Id.* at ¶¶ 3 & 4.
[16] *Id.* at ¶¶ 5 & 6.
[17] *Id.* at ¶¶ 7 & 8.
[18] R. Doc. 20 at ¶¶ 7-8.

the merchant either created the unreasonable risk of harm or had actual or constructive notice of same; and (3) the merchant failed to exercise reasonable care.[19]

Defendant contends that Plaintiff is unable to prove the first element of a claim against a merchant – that the condition of the floor presented an unreasonable risk of harm.[20]

Plaintiff opposes the Motion for Summary Judgment, asserting that the Motion is premature because Defendant has objected to some of Plaintiff's discovery requests, and has refused to produce any policy manuals, employee procedure handbooks, maintenance/cleaning logs or incident reports.[21] Plaintiff argues that she testified during her deposition "that the floor may have been slippery," and as a result, she lost her footing.[22] Plaintiff further claims that she testified that the floor seemed like "it was freshly mopped or waxed."[23] Plaintiff asserts that Defendant had workers in the area around the fall, who could have mopped or buffed the floors around the time of the fall.[24] Plaintiff argues that Defendant created a hazard when it left the floor slippery for its patrons to walk on, which resulted in Plaintiff's fall.[25] Finally, Plaintiff argues that the surveillance video of the incident is not clear enough

---

[19] *Id.* at ¶ 7; R. Doc. 20-2 at pp. 4-5.
[20] R. Doc. 20 at ¶¶ 9-11.
[21] R. Doc. 26 at pp. 2 & 3-4. The Court notes that Plaintiff's Opposition brief is untimely, as the Motion was set for submission on March 24, 2020 (R. Doc. 20), and the Opposition brief was filed on March 17, 2020, less than eight days before the submission date. *See,* Local Rule 7.5. Nonetheless, the Court will consider the untimely Opposition brief.
[22] R. Doc. 26 at p. 4.
[23] *Id.*
[24] *Id.*
[25] *Id.*

to show whether there was a substance on the floor.[26] Plaintiff maintains that summary judgment is premature without further discovery.

## II.   LEGAL STANDARD

### A. Summary Judgment Standard

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.[27] A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact.[28] When assessing whether a dispute regarding any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[29] While all reasonable inferences must be drawn in favor of the nonmoving party, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions or "only a scintilla of evidence."[30] Instead, summary judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party.[31]

---

[26] *Id.* at p. 5.
[27] Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986).
[28] *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. at 2552.
[29] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008) (citations omitted).
[30] *Id.* (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)) (internal quotation marks omitted).
[31] *Delta & Pine Land Co.*, 530 F.3d at 399 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial."[32] The non-moving party can then defeat summary judgment by either submitting evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."[33] If, however, the nonmoving party will bear the burden of proof at trial on the dispositive issue, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.[34] The burden then shifts to the nonmoving party who must go beyond the pleadings and, "by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"[35]

### B. Louisiana's Merchant Liability Statute, La. R.S. 9:2800.6

The parties agree that this case is governed by the Louisiana Merchant Liability statute, La. R.S. 9:2800.6.[36] For a plaintiff to prevail against a merchant in a slip and fall negligence action like this one, the plaintiff must show that the merchant is negligent under the Louisiana Merchant Liability statute.[37] Under La.

---

[32] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991).
[33] *Id.* at 1265.
[34] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).
[35] *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. at 2553 (*quoting* Fed. R. Civ. P. 56(e)).
[36] R. Docs. 20 & 26.
[37] *Betemps v. Dolgencorp, LLC*, Civ. A. No. 17-7880, 2018 WL 4104216, at *3 (E.D. La. Aug. 29, 2018) (citing authority).

R.S. 9:2800.6, a plaintiff bringing a negligence claim against a merchant for injuries resulting from a fall allegedly caused by conditions existing on a merchant's premises must show that: (1) the condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable; (2) the merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and (3) the merchant failed to exercise reasonable care.[38] The plaintiff must prove all three elements to prevail.[39]

### III.  ANALYSIS

Defendant argues that its Motion for Summary Judgment should be granted because there is no genuine issue of any disputed fact and Plaintiff cannot meet her burden of proof under the Louisiana Merchant Liability statute, La. R.S. 9:2800.6. Defendant relies on the surveillance video of the incident, an eyewitness' Affidavit, and the deposition testimony of Plaintiff herself. Initially, the Court notes that the eyewitness to the incident was the risk manager for the casino. That eyewitness, after assisting Plaintiff, performed a visual inspection of the floor and provided an Affidavit stating that there was no defect or hazard on the floor and that the floor was clean and dry.[40] The surveillance video supports that testimony. In fact, the surveillance video very clearly reflects Ms. Richert inspecting the floor for several full minutes following the incident after Plaintiff was helped up. Further, the video reveals dozens of people, many elderly, including individuals using canes and

---

[38] La. R.S. 9:2800.6(B).
[39] *Betemps, LLC*, Civ. A. No. 17-7880, 2018 WL 4104216 at *3 (citing *White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/9/97), 699 So.2d 1081, 1084).
[40] R. Doc. 20-5.

walkers, walking on the same floor both before and after Plaintiff's fall. The half hour video does not show any other individual slipping or falling. Additionally, Plaintiff clearly testified that, " . . . I fell. I don't know what happened. Just walking and fell."[41] Further, Plaintiff was questioned about whether she slipped on something and answered, "I don't know."[42] She was then asked whether she tripped on something and testified that, "I didn't trip on anything. I didn't see anything to trip on. I don't know. All I know is I was walking and my --- I ended up going forward and fell. I don't know what happened."[43] Counsel then asked Plaintiff if she was ever able to identify any substance on the floor that she believed caused her to fall and Plaintiff answered, "No."[44]

The Court finds that the foregoing evidence shows that Plaintiff is unable to prove the first element of her claim brought under Louisiana's Merchant Liability statute, La. R.S. 9:2800.6, that the floor at the Boomtown Belle Casino New Orleans where she fell presented an unreasonable risk of harm to her and that the risk of harm was reasonably foreseeable.[45] In her Opposition brief, Plaintiff claims that Defendant objected to the production of cleaning manuals and employee procedures during discovery, which Plaintiff believes "might show that the floors were mopped around the time that the Plaintiff walked through the Casino."[46] The Court initially notes that Plaintiff's Opposition brief was filed on March 17, 2020,[47] and that no

---

[41] R. Doc. 20-3 at p. 37.
[42] *Id.*
[43] *Id.* at pp. 37-38.
[44] *Id.* at p. 39.
[45] La. R.S. 9:2800.6(B).
[46] R. Doc. 26 at p. 3.
[47] R. Doc. 26.

motion to compel was ever filed by Plaintiff in this matter. In addition, Plaintiff has failed to move to supplement her Opposition brief with any further evidence despite having many months to do so. The Court further finds that Plaintiff's Opposition brief is replete with the phrases "might show," "seemed like," and "could have,"[48] which are nothing more than examples of speculation.[49] While all reasonable inferences must be drawn in favor of the nonmoving party, the Plaintiff in this matter, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions or only a scintilla of evidence.[50] Defendant has come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. Plaintiff has not presented any evidence whatsoever to dispute the evidence presented by Defendant, or to show that she can meet her burden of proof under La. R.S. 9:2800.6. Accordingly, the Court finds that Defendant is entitled to summary judgment.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Louisiana-1 Gaming's Motion for Summary Judgment[51] is **GRANTED.** Plaintiff's claims against Louisiana-1

---

[48] *Id*.
[49] The Court notes that Plaintiff asserts, both in her Opposition brief and again in her Response to Statement of Uncontested Material Facts Justifying Motion for Summary Judgment, that she testified that the floor was or may have been slippery. *See,* R. Doc. 26 at pp. 4 & 5; R. Doc. 26-1 at p. 1. The Court has reviewed Plaintiff's deposition transcript in detail. Plaintiff testified that the floor looked like it was freshly mopped or waxed because it "was shiny." R. Doc. 20-3 at p. 38. Plaintiff's deposition testimony does not reflect that she ever testified that the floor was or may have been slippery.
[50] *Id*. (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)) (internal quotation marks omitted).
[51] R. Doc. 20.

Gaming, a Louisiana Partnership in Commendam, are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, November 12, 2020.

_____
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**